UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

SONIA MORENO-AVALOS,             )
                                 )
    Plaintiff,                   )
                                 )
    v.                           )    CAUSE NO.: 2:13-CV-347-TLS
                                 )
CITY HALL OF HAMMOND,            )
INDIANA, *et al.*,               )
                                 )
    Defendants.                  )

**OPINION AND ORDER**

On September 26, 2013, the Plaintiff, Sonia Moreno-Avalos, filed a Pro Se Complaint [ECF No. 1] against Defendants City Hall of Hammond, Indiana, and five Hammond city officials, including Mayor Thomas McDermott, for breach of contract and violation of a federal bankruptcy automatic stay. When counting attached exhibits, the Complaint totals 80 pages. On October 24, 2013, the Plaintiff filed a document titled "Motion to Amend Cause 2 13 cv 347," which the Court understands to be a Motion to Amend the Complaint [ECF No. 10]. This Motion seeks to attach the pleadings and documents of a previous case, totaling 319 pages, that the Plaintiff initially filed on January 23, 2013 [Case Number 2:13-CV-38, ECF No. 1]. That previous case was based on the same factual circumstances as this case and dismissed without prejudice for lack of personal jurisdiction [Case 2:13-CV-38, ECF No. 36]. While the instant case has been pending before the Court, Plaintiff filed yet another lawsuit on December 6, 2013, against the same Defendants [Case 2:13-CV-450, ECF No. 1] and the pleadings total 93 pages when including the attached exhibits. Because the Plaintiff's two pending cases involved common questions of fact, this Court consolidated the two cases under Case No. 2:13-CV-347 on February 3, 2014 [ECF No 26]. The Plaintiff has filed at least 490 pages of documents so far and this case is only in the pleading stage.

Prior to consolidation, the Defendants filed Motions to Dismiss in each case [Case No. 2:13-CV-347, ECF No. 8; Case No. 2:13-CV-450, ECF No. 6]. In the lead case, Case No. 2:13-

CV-347, the Defendants have also filed a Motion to Strike [ECF No. 18], which asks the Court to strike the following three submissions: the Plaintiff's Motion to Amend [ECF No. 10], Plaintiff's Response to the Defendants' Motion to Dismiss [ECF No. 11], and Plaintiff's Sur-Reply regarding the pending Motion to Dismiss [ECF No. 15]. Also pending is the Plaintiff's "Motion to Grant Judgment in Favor of Plaintiff" [ECF No. 19], a Motion to Amend Pro Se Complaint [ECF No. 22] filed on January 10, 2014, and a document termed as a "Motion [to] Not Consolidate," [ECF No. 23] which seems to be a response to the Defendants' Motion to Consolidate filed in Case No. 2:13-CV-450 as ECF No. 4. The Court, in this Order, resolves all of the currently pending motions except for the motions to dismiss.

### A.     Motion to Strike

The Defendants ask the Court to strike three of the Plaintiff's filings in this matter. First, they ask the Court to strike Plaintiff's filing titled as a "Motion to Amend Cause 2 13 cv 347" [ECF No. 10]. By filing this motion, the Plaintiff sought to add 319 pages of documents into this case from a previously filed case. This large amount of documentation is in addition to an 80 page Complaint already filed in this case [ECF No. 1]. Federal Rule of Civil Procedure 8 sets forth the requirements for sufficient pleadings. A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 8(d)(1). Furthermore, a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Plaintiff's attempt to insert an additional 319 pages into this case at the pleading stage goes far beyond the pleading requirements under the Federal Rules of Civil Procedure. The case is not yet at the stage where every piece of potential evidence should be submitted to the Court. Because this filing includes largely redundant and immaterial information, the Court will grant the Defendants' Motion to

Strike the Plaintiff's Motion to Amend [ECF No. 10].

The Defendants also ask the Court to strike the Plaintiff's Sur-Reply [ECF No. 15], related to the Defendants' Motion to Dismiss, as a violation of N.D. Ind. L.R. 7.1, which only allows the moving party to file a reply brief. The Plaintiff did not seek leave of the Court to file a Sur-Reply and thus the Court will grant the Defendant's Motion to Strike it.

Finally, the Defendants ask the Court to strike the Plaintiff's Motion to Respond to Defendants' Motion to Dismiss" [ECF No. 11]. This filing is actually just a Response to the Defendant's Motion to Dismiss. Despite being organized in an unorthodox manner, the Court will allow the Plaintiff's Response to remain as the Plaintiff was entitled to file this Response. Therefore, the Court will deny the Defendants' Motion to Strike with regard to the Plaintiff's Response [ECF No. 11].

### B.     Additional Pending Motions

The Plaintiff has three other pending motions in this case. These motions include a Motion to Grant Judgment [ECF No. 19], a Motion to Amend Pro Se Complaint [ECF No. 22], and a Motion to Not Consolidate [ECF No. 23]. The Motion to Grant Judgment is essentially a prayer for relief, which is redundant and unnecessary because the Complaint in this matter makes the same requests. Therefore, the Court will strike that Motion as moot. The Motion to Not Consolidate is actually a response to the Defendants' Motion to Consolidate filed in Case No. 2:13-CV-450. The Court already treated this filing as a response to that motion and the Defendants' Motion to Consolidate has already been granted. Accordingly, the Court will direct the clerk to term this filing as a response rather than as a pending motion. Finally, the Plaintiff's Motion to Amend Pro Se Complaint seeks to eliminate claims related to the Federal Bankruptcy Stay. It appears that the Plaintiff has filed this request after reviewing the Defendants' Motion to Dismiss [ECF No. 8], which argues that the issues related to the federal bankruptcy stay have

already been fully litigated. The Plaintiff's filing is not really an amended complaint, but is actually a concession to the Motion to Dismiss solely on the issue of the federal bankruptcy stay and the Court will treat it as such during its consideration of the Motions to Dismiss and will direct the Clerk to term it as a notice of concession.

The Court notes that it is in receipt of the Defendants' Motions to Dismiss and that the motions are fully briefed. No other filings are necessary with regard to those pending motions. The Court will review and rule on the Motion to Dismiss in due time.

For the foregoing reasons, the Court:

(1) **GRANTS** the Defendants' Motion to Strike [ECF No. 18] as to Plaintiff's Motion to Amend [ECF No. 10] and DIRECTS the Clerk to STRIKE ECF No. 10;

(2) **GRANTS** the Defendants' Motion to Strike [ECF No. 18] as to Plaintiff's Sur-Reply and DIRECTS the Clerk to STRIKE ECF No. 15;

(3) **DENIES** the Defendants' Motion to Strike [ECF No. 18] as to Plaintiff's Response to the Motion to Dismiss [ECF No. 11];

(2) **DIRECTS** the Clerk to STRIKE Plaintiff's Motion to Grant Judgment [ECF No. 19] as moot;

(3) **DIRECTS** the Clerk to term the Plaintiff's Motion to Amend Pro Se Complaint [ECF No. 22] as a Notice of Partial Concession to the Motion to Dismiss; and

(4) **DIRECTS** the Clerk to term the Plaintiff's Motion Not to Consolidate [ECF No. 23] as a Response to the Motion to Consolidate.

SO ORDERED on February 20, 2014.

          s/ Theresa L. Springmann
          THERESA L. SPRINGMANN
          UNITED STATES DISTRICT COURT
          FORT WAYNE DIVISION