# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| SONIA MORENO-AVALOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:13-CV-347-TLS |
| | ) | |
| CITY HALL OF HAMMOND, INDIANA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| -------------------------------------------------- | ) | |
| SONIA MORENO-AVALOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:13-CV-450-TLS |
| | ) | |
| CITY HALL OF HAMMOND, INDIANA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

On December 6, 2013, the Plaintiff, Sonia Moreno-Avalos, filed a Pro Se Complaint [ECF No. 1, Cause No. 2:13-CV-450] against Defendant City Hall of Hammond, Indiana, and five Hammond city officials, including Mayor Thomas McDermott, for harassment. Prior to the Complaint in this matter, the Plaintiff filed a Pro Se Complaint against the same Defendants for Breach of Contract and Violation of a Federal Bankruptcy Automatic Stay [ECF No. 1, Cause No. 2:13-CV-347]. The Court consolidated the two matters in an Opinion and Order [ECF No. 26, Cause No. 2:13-CV-347] issued on February 3, 2014, which made Case No. 2:13-CV-347 the lead case in this dispute. The Defendants in this matter filed a motion to dismiss in each case prior to the consolidation of the cases. The Motion to Dismiss in Case No. 2:13-CV-347 [ECF No. 8] and the Motion to Dismiss in Case No. 2:13-CV-450 [ECF No. 6] are nearly identical as the two cases are practically identical. The Defendants make the same arguments in both motions

to dismiss. The Court has reviewed and considered the briefing under both case numbers prior to ruling on these motions. Because the case has been consolidated, most references in this Opinion and Order will be to the lead case, Case No. 2:13-CV-347, but the Court has reviewed all materials from both case numbers.

In Case No. 2:13-CV-347, the Defendants filed their Motion to Dismiss and their Brief in Support [ECF No. 9] on October 17, 2013. The Plaintiff filed a Response [ECF No. 11] on October 29, 2013, and the Defendants filed their Reply [ECF No. 14] on November 1, 2013. Subsequently, the Plaintiff has filed numerous documents attempting to provide proof of service and to cure defects in her initial pleadings as identified in the Defendants' Motion to Dismiss. Some of the Plaintiff's filings have been stricken by the Court, but despite the fact that these filings have not always complied with the Federal Rules of Civil Procedure, the Court notes that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). The Court also applies this principle to the Plaintiff's subsequent filings in this case and has considered these filings despite them being filed late. The Court finds one particular filing very important to the case. The Plaintiff filed a document titled as "Plaintiff's Response in Support of Plaintiff's Motion Not to Dismiss Case No. 213-CV-00347" [ECF No. 25] on January 31, 2014.

The Plaintiff's filing [ECF No. 25] is, to date, the most coherent statement of her claims against the Defendants. In the document she properly alleges diversity jurisdiction, satisfying both the diversity of citizenship and amount in controversy requirements, she alleges personal jurisdiction subject to proper proof of service, and notes that she has conceded and/or withdrawn her claim regarding a violation of the bankruptcy stay. (Plaintiff's Response at 1–6, ECF No. 25). The Plaintiff did file in a Notice of Partial Concession [ECF No. 22] on January 10, 2014, and the Court acknowledged and accepted that concession in an Opinion and Order [ECF No.

27] issued on February 20, 2014. Thus, the Plaintiff is no longer alleging a violation of the automatic bankruptcy stay.

The Defendants make three primary arguments in support of their Motion to Dismiss. First, they argue that the Plaintiff failed to properly serve the Defendants in accordance with the Federal Rules of Civil Procedure. Second, the Defendants argue that the Plaintiff failed to demonstrate that the Court has subject matter jurisdiction over this case. And finally, the Defendants argue that the Plaintiff is collaterally estopped from bringing claims for violation of the bankruptcy stay and breach of contract because those matters have already been litigated by the bankruptcy court.

The Court notes that in her numerous filings the Plaintiff makes statements about the various defendants in this case including commenting that they have harassed her and taken other inappropriate actions. While these statements may provide some context for the Plaintiff's allegations, the Court will not consider every comment made in a subsequent filing as a new cause of action. The Plaintiff alleged two causes of action in her Complaint: violation of the automatic bankruptcy stay and breach of contract. (*See* Compl. at 1–5, ECF No. 1). And the Plaintiff has since conceded/withdrawn any claim for violation of the automatic stay. Therefore, all that remains in this case is a breach of contract claim. The Court will proceed by analyzing each of the Defendant's arguments only with regard to the Plaintiff's breach of contract claim.

## ANALYSIS

**A.     Lack of Personal Jurisdiction**

The Defendants allege that the Plaintiff has failed to properly serve the Defendants under Federal Rules of Civil Procedure 4(e)(2) and 4(j)(2) and has failed to serve a copy of both the summons and Complaint as required by Rule 4(c)(1). Subsequent to the Defendants' Motions to Dismiss, the Plaintiff has attempted to cure any potential defect by providing additional proof of

service [ECF Nos. 16 & 20]. The Plaintiff's subsequent proof of service filings demonstrate that she followed procedures under the Indiana Rules of Trial Procedure that allow service of a summons via certified mail. The Plaintiff also sent documents (though it is unclear what documents) to the law firm representing the Defendants after attorneys of the firm appeared on behalf of the Defendants. Indiana Trial Rules 4.1 and 4.6 combine to allow the use of certified mail to serve an individual that is part of a governmental organization by mailing the documents to his or her place of business or employment with return receipt requested. *See* Ind. Trial R. 4.1(A)(1) & 4.6(A)–(B). The Defendants failed to mention the fact that certified mail is an acceptable form of service in their Motion and briefing. Plaintiff mailed a document to the City Hall of Hammond with the names of the city employee defendants on it. The document was received at city hall and signed for. The Defendants seem to be arguing that this was still insufficient service of process and also argue that the Plaintiff failed to serve copies of both the Complaint and the summons.

    Regardless of the precise rules at issue and the arguments of the Defendants, the Court notes that the Defendants have actual notice of this case. They have been participating in this case by filing motions and referring in those motions to the various documents at issue in this case. While actual notice does not automatically cure defects in service, it remains relevant under these particular circumstances. Upon receipt of the Defendants' arguments regarding service and the Plaintiff's attempts to cure service defects throughout this case, the Court considered two options in resolving this issue. First, the Court could grant an extension of time for the pro se Plaintiff to cure any remaining service defects and in granting such an extension give the Plaintiff precise instructions on how to satisfy the rules, as other courts have done. *See, e.g., Chapman v. U.S. Marshal for N. Dist. of Ill.*, 584 F. Supp. 2d 1083, 1091 (2008) (dismissing the case for failure to properly serve only after granting the pro se Plaintiff an extension of time and providing instructions on what he needed to do to comply with the rules). In the alternative, the

Court could simply deny the Defendants' Motion to Dismiss on this ground and recognize that the Defendants themselves failed to properly describe the complex service of process rules under the Federal Rules of Civil Procedure and applicable state laws. The Court could also note that although the Defendants have still raised some potentially legitimate issues regarding the Plaintiff's compliance or lack thereof with certain parts of the rules, the most important thing is that the Defendants have actual notice of this case and access to all the relevant documents in this matter.

Due to the Court's interest in judicial economy, the fact that the Defendants have actual notice of this lawsuit and are already participating, and the fact that the alternative would simply take more time and effort only to arrive right back to this exact same place in the litigation, the Court will deny the Defendants' Motions to Dismiss on the personal jurisdiction grounds. Rather than lay out a roadmap for the Plaintiff on how to complete service, the Court will save the parties and the Court time and effort by allowing this case to proceed and not be held up by service issues that will ultimately be cured anyway.

**B.**     **Lack of Subject Matter Jurisdiction**

Although the Defendants were correct when they filed their Motion to Dismiss in stating that the Plaintiff had not properly alleged diversity jurisdiction or federal question jurisdiction, the Plaintiff has since cured that defect. Because the Plaintiff is pro se and the Court liberally construes the filings of pro se filers, the Court accepts the Plaintiff's late filing in this matter and will not dismiss her case due to lateness when her allegations demonstrating that this Court has subject matter jurisdiction are otherwise proper. Here the Plaintiff's filing [ECF No. 25] of January 31, 2014, properly alleges the necessary elements for diversity jurisdiction including citizenship and the required amount in controversy. Based on that filing, the Court denies the Defendants' Motion to Dismiss on subject matter jurisdiction grounds.

**C.     Collateral Estoppel**

Finally, the Defendants argue that the case should be dismissed on collateral estoppel grounds. With regard to the Plaintiff's claim for a violation of the automatic bankruptcy stay, the Defendants' argument would likely have succeeded. However, the Court does not need to reach that issue as the Plaintiff has withdrawn her claim for a violation of the automatic bankruptcy stay and the issue is now moot. Therefore, the Court need only analyze whether the Plaintiff's breach of contract claim is barred by the doctrine of collateral estoppel.

Collateral estoppel, also known as issue preclusion, has four requirements, (1) the issue must be the same as that involved in the prior action, (2) the issue must have been actually litigated, (3) the determination of the issue must have been essential to the judgment, and (4) the party being estopped must have been fully represented in the prior action. *See, e.g.*, *Adams v. City of Indianapolis*, 742 F.3d 720, 736 (7th Cir. 2014). The Defendants focused their arguments on the bankruptcy stay issue, but appear to have still made the argument as to both of the Plaintiff's causes of action. Thus, the Court will consider whether the issue of "breach of contract" has been previously litigated, whether the issue was determined in the prior litigation, and whether such a determination was essential to the judgment. As support, the Defendants put before the Court the transcript [ECF No. 8-1] of the Bankruptcy Judge's ruling from the bench regarding the parties dispute before that court in August 2012.

Bankruptcy Judge for the Eastern District of Illinois, Timothy Barnes, specifically stated in his ruling that certain exhibits presented to him might have been relevant "if the court were going to do an independent inquiry as to the propriety of the City of Hammond's actions under the applicable statutes. The court is not going to do that inquiry." (Tr. at 2, ECF No. 8-1). The Judge went on to say "[a]nd what is in fact before the court is whether there has been a violation

of the stay, and if so, whether there are damages resulting from that." (*Id.*) And finally, the Judge makes the following ruling:

> What the debtor is asking this court to do is to make a finding that the actions of the City of Hammond relating to that statute fall outside the police power exception. And in presenting the evidence, the debtor is asking this court to make some sort of independent ruling as to the propriety of the city of Indiana's [sic] enforcement actions. That is beyond the scope of this court's authority. . . . The court instead finds that the governmental police power exception is the beginning and end of this inquiry. The actions of the City of Hammond, the propriety of those actions, objective or subjective, are not the question. The question is the statute. And the statute is a health and public safety statute, therefore, it is excepted from the automatic stay. And because it is excepted from the automatic stay, there can be no damages relating to any purported violation of the automatic stay.

(*Id.* at 5, 9.) Judge Barnes' ruling makes it explicitly clear that there was only one issue before him—whether the police power exception to an automatic bankruptcy stay applied to the statute on which the City of Hammond was relying to take action related to debtor (the Plaintiff in this case). Judge Barnes went out of his way to repeatedly emphasize that he was not ruling on the propriety of the City's actions or any of the other related issues. He ruled on one issue. In doing so, he did not rule on the issues involved in the Plaintiff's breach of contract claim. Therefore, this issue has not been previously litigated and determined as required by the collateral estoppel doctrine. *Adams*, 742 F.3d at 736. Accordingly, the Defendants' Motions to Dismiss on collateral estoppel grounds is denied.

## CONCLUSION

Based on the foregoing, the Defendants' Case No. 2:13-CV-347 Motion to Dismiss [ECF No. 8] is DENIED and the Defendants' Case No. 2:13-CV-450 Motion to Dismiss [ECF No. 6] is DENIED.

SO ORDERED on August 8, 2014.

s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION